IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02962-RPM

JOHN PETERS,

      Plaintiff,

v.

TIME INSURANCE COMPANY, doing business as
ASSURANT HEALTH,

      Defendant.

---

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, MOTION FOR DETERMINATION OF LAW

---

      This diversity action is an insurance coverage dispute involving the denial of coverage on the basis of a pre-existing condition exclusion in an individual health benefit plan.  At the scheduling conference held on February 16, 2011, the court suggested the filing of summary judgment on the claim that the language of the exclusion is broader than what is permitted by Colorado statute.

      The Plaintiff moved for partial summary judgment, or in the alternative, for a determination of law, arguing that the subject Policy's definition of "pre-existing condition" is more restrictive than permitted by Colo. Rev. Stat. §10-16-118(1)(a)(II) making the entire pre-existing condition exclusion void and unenforceable.

      The subject Policy is an individual health benefit plan within the meaning of Colo. Rev. Stat. § 10-16-118(1)(a)(II).  That section provides that an individual health benefit plan:

. . . shall not deny, exclude, or limit benefits for a covered individual because of a preexisting condition for losses incurred more than twelve months following the effective date of coverage and may not define a preexisting condition more restrictively than an injury, sickness, or pregnancy for which a person incurred charges, received medical treatment, consulted a health care professional, or took prescription drugs within twelve months.

In the subject Policy, "pre-existing condition" is defined as follows:

**Pre-Existing Condition**

A Sickness or an Injury <u>and related complications</u> for which medical advice, consultation, diagnosis care or treatment was sought, received or recommended from a provider or Prescription Drugs were prescribed during the 12-month period immediately prior to the Covered Person's Effective Date, <u>regardless of whether the condition was diagnosed, misdiagnosed or not diagnosed</u>.

A pregnancy that exists on the day before the Covered Person's Effective Date will be considered a Pre-Existing Condition.

(Undisputed Facts ¶¶ 5-7; Pl.'s Ex. 1 at p. 27)(underlining added.)

The Policy's definition is more restrictive than permitted by the statute because the Policy adds the phrases "and related complications" and "regardless of whether the condition was diagnosed, misdiagnosed or not diagnosed."  (*See* Pl.'s br. at 7.)  Those phrases may be important in this case based on the factual allegations in the complaint.

The determination that those phrases are unlawfully restrictive does not render the entire exclusion unenforceable.  Language in an insurance contract that attempts to dilute, limit or condition statutorily mandated coverage is invalid or void.  *DeHerrara v. Sentry Ins. Co.*, 30 P.3d 167 (Colo.2001)(citing *Trinity Universal Ins. Co. v. Hall*, 690 P.2d 227 (Colo. 1984)). "However, if a provision violates public policy by attempting to dilute, condition, or limit statutorily mandated coverage, then it is *to that extent unenforceable*." *Bernal v. Lumbermens Mut. Cas. Co.*, 97 P.3d 197, 200 (Colo. Ct. App. 2003)(quotations and citations omitted,

emphasis added).  Here, the phrases can be separated from the rest of the provision, and the remaining language (which is statutorily compliant) enforced.  *See e.g., Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92, 101 (Colo. 1995) ("Courts faced with insurance policies that violate mandatory coverage requirements have read those requirements into the policy. . . . We therefore read the Aetna policy to provide UM/UIM coverage for permissive users of covered autos in accordance with the mandate of section 10-4-609(1).")  Such a result is consistent with the parties' reasonable expectations.  A provision in the Policy states:

**Conformity with State Statutes**

If this plan, on its Effective Date, is in conflict with any applicable federal laws or laws of the state where it is issued, it is changed to meet the minimum requirements of those laws. In the event that new or applicable state or federal laws are enacted which conflict with current provisions of this plan, the provisions that are affected will be administered in accordance with the new applicable laws, despite anything in the plan to the contrary.

(Pl.'s Ex. 1 at 73.)

Based on the foregoing, it is

ORDERED that the Plaintiff's motion for partial summary judgment, or in the alternative, motion for determination of law (#11) is granted to the extent that the exclusion provision is reformed to read in conformity with the statute, and it is

FURTHER ORDERED that oral argument is not necessary and the defendant's motion for it (#19) is denied.

Dated:  July 14, 2011

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge